
**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| LINDA LOVELL HENRY | * |
| | * |
| Plaintiff | * |
| V. | * |
| | * |
| WRIGHT NATIONAL FLOOD | *    NO: 4-15CV00273  SWW |
| INSURANCE COMPANY and | * |
| SAFECO INSURANCE COMPANY | * |
| OF AMERICA | * |
| | * |
| Defendants | * |

## ORDER

Plaintiff Linda Lovell Henry ("Henry") commenced this insurance dispute pursuant to the Court's diversity jurisdiction, naming Defendants Wright National Flood Insurance Company ("Wright") and Safeco Insurance Company of America ("Safeco"). Before the Court is Safeco's motion to dismiss for lack of prosecution [ECF No. 28], which Wright has joined [ECF No. 35]. After careful consideration, and for reasons that follow, the motion will be granted. This action will be dismissed without prejudice, on the condition that if Henry refiles this matter, she must pay the defendants any costs, expenses, and fees incurred in this action that will be duplicated because of the refiling.

**I.**

Henry commenced this lawsuit on May 13, 2015, through counsel, claiming that Defendants breached insurance agreements by denying her claims for property damage. On May 11, 2016, separate defendant Safeco filed a motion for summary judgment. On May 13, 2016, Henry's counsel of record, Chester H. Lauck, III, filed a motion to withdraw as counsel, and on May 17, 2016, Safeco filed a motion to dismiss for lack of prosecution, which Wright later

joined.

In support of his motion to withdraw as counsel, Lauck reported that a conflict of interest had arisen that prevented him from representing Henry. Lauck further stated that he had been unable to contact Henry, despite multiple attempts, and that he served Henry a copy of the motion to withdraw at her last known address. By order entered June 9, 2016, the Court granted the motion to withdraw on the condition that Lauck mail a copy of said order to Henry at her last know address, via certified mail, return receipt requested. The order concluded as follows:

> <u>Plaintiff has up to and including fourteen (14) days from the date of attorney Lauck's mailing to file a notice in this case,[4] stating whether she intends to proceed with her claims and, if so, whether she intends to pursue her claims without an attorney. If Plaintiff has engaged a new attorney to represent her in this case, counsel should immediately enter an appearance</u>.

ECF No. 29, at 3(emphasis in original).

By status reports filed on June 30 and August 5, 2016, Lauck reported that he had mailed a copy of the Court's order as instructed. United States Postal Service tracking information filed along with the reports show that delivery attempts failed because there was no authorized recipient available at Henry's last known address. The tracking information also shows that notice of the mailing was left at Henry's last known address, and that the mailing went unclaimed.

As of the date of this order, Henry has not notified the Court of her current address, and she has not responded to Safeco's motion for summary judgment and motion to dismiss for lack of prosecution.

**II.**

In support of the motion to dismiss for failure to prosecute, Defendants state that they properly noticed Henry for a deposition, which she failed to attend. Defendants report that Lauck, who was present at the deposition, advised defense counsel that he had not recently communicated with Henry, and he had "no idea" why she failed to attend.

Rule 37(d) of the Federal Rules of Civil Procedure provides that if a party fails to appear for a deposition after being served with proper notice, the district court may, on motion, order sanctions, which may include any listed under Rule 37(b)(2)(A), including dismissal. Also pertinent here, Rule 41(b) provides that a district court may dismiss a case for failure to prosecute, and unless otherwise specified, a dismissal under Rule 41(b) operates as an adjudication on the merits.

The Court finds that Henry failed to appear for a properly noticed deposition, failed to inform her attorney or the Court of her whereabouts, and failed to prosecute her claims. Under these circumstances, it is impossible for the case to proceed on the merits, and dismissal is in order. Because dismissal with prejudice is a harsh sanction, which should only be utilized when lesser sanctions prove futile, dismissal shall be without prejudice. *See Bergstrom v. Frascone*, 744 F.3d 571, 575 (8th Cir. 2014)(quoting *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013). However, in the event that Henry refiles this matter, she shall reimburse the defendants for any duplicative expenses.

### III.

IT IS THEREFORE ordered that Defendants' motion to dismiss for failure to prosecute [ECF Nos. 28, 35] is GRANTED. This action is hereby DISMISSED WITHOUT PREJUDICE, on the condition that if Plaintiff refiles this matter, she shall reimburse Defendants for any costs,

fees, or expenses that Defendants will incur twice as a result of the case being refiled.

IT IS SO ORDERED THIS 8th DAY OF SEPTEMBER, 2016.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE